Benjamin R. Bookout *v.* Samuel Anderson and others.

Appeal from the District Court of Madison, *Tenney*, J.

Garland, J. This suit is instituted to recover a number of slaves, which the plaintiff alleges that the defendant Anderson, has illegally taken into possession, and fraudulently removed from the State of Mississippi. The plaintiff avers that the equitable title to the slaves is in him, but that the legal title is vested in Messrs. A. M. & W. H. Paxton, and G. B. Tate, to whom the slaves had been conveyed as trustees, to secure certain debts due to Tiernan, Cuddy & Co. These trustees also come in with a petition of intervention and claim the property, alleging that the deed to them is in due form, and was legally executed and recorded in Washington county, Mississippi, previous to the removal of the slaves from that county, or to their becoming the subject of a contract between the plaintiff and Anderson. Both the plaintiff and intervenors allege that Anderson had mortgaged the slaves to Shelton and Perry, with the fraudulent purpose of defeating this action and their rights. These persons are non-residents, and are made parties to the suit. No curator, *ad hoc*, nor any other representative seems to have been appointed to either of them, and they were only notified by having a citation posted on the court house door. Perry never appeared, nor was any further step taken against him. Anderson and Shelton answered ; the former alleging a title to the slaves, as having been purchased of the plaintiff, and the latter asserting the validity of his mortgage, which

he avers was executed to secure a *bona fide* debt, and in ignorance of any claims on the part of the plaintiff or intervenors. The plaintiff and the intervenors pray for damages for the hire of the negroes, and the value of those that shall not be produced. The defendant Anderson, also asks for damages.

It is admitted on all sides, that the slaves were at one time the property of the plaintiff, and the question is, how has he become divested of it. The intervenors show two deeds of trust, which the plaintiff admits, whereby the slaves, and other property, were conveyed to them as trustees, to secure the payment of several drafts, for a large amount, drawn on and accepted by Tiernan, Cuddy & Co. These deeds were duly recorded in the county in Mississippi, where the slaves were, a long time before Anderson got possession of them. The deeds are in the usual form of deeds of that kind, and it is not shown that the debt to Tiernan, Cuddy & Co. has been paid. The drafts on that house were drawn by the plaintiff, to the order of and endorsed by Harvey Houghton, who was, at the time of the execution of the deeds, a part owner of the property, and joined in the execution of them, but afterwards transferred all his interest to the plaintiff. It is shown that the plaintiff was the owner of a body of lands on Cold Lake, where he had a plantation, on which these slaves were. He made a verbal agreement to sell to Anderson the lands and slaves for about $65,000, of which a considerable sum was to be promptly paid, and the balance secured by some Bank in Mississippi; but no title was to be made, until the property was paid for, or secured by the Bank. The land and slaves were taken into possession by the defendant, Anderson, and kept for some time, when two deeds of sale were, at different periods, made to him for the land, but nothing was said in either of them about the slaves. The consideration of these deeds is stated to be, $25,000 for one part of the land, and $15,000 for the other, paid in cash. Anderson produced several receipts for various sums, signed by the plaintiff, and stating that they were paid on account of the land and slaves on Cold Lake. All these receipts bear date a considerable time previous to the execution of the deeds; the name of no slave is stated in them, and they go far to sustain the impression, that a complete title was not. to be made to the slaves, until the price was paid or secured. Ander-

son alleges, that he has given his notes to the plaintiff for the whole price agreed on ; but this is not proved, nor did he call on the plaintiff to produce the notes, or to account for them. He insists on the delivery of the slaves to him in Mississippi, and avers that the title is complete by the laws of that State, which do not require the title to slaves to be in writing.

There is a mass of testimony in the record, as to the different negotiations and arrangements between the parties and with others, but its tendency, on both sides, is to the establishment of the points already mentioned. There is no evidence that the debt to Tiernan, Cuddy & Co. has been paid ; nor is there any conveyance of the slaves, other than the expression in the receipts of the payments having been made on account of the lands and slaves. Anderson does not show that he has secured the price of the slaves in any manner, but relies solely upon the delivery of them. The judgment rejected the plaintiff's demand, and ordered Anderson to be quieted in his title to the slaves, with the exception of two, and as to them a nonsuit was entered ; and Anderson was ordered, as appears by the record, to pay the costs. The plaintiff has appealed.

There is a bill of exceptions in the record, taken by the plaintiff, to the rejection of the deposition of Harvey Houghton, as evidence. It involves no new principle, and it is sufficient to say that we do not think the judge erred. The witness, it is clear, has not been legally discharged by all the partners in the house of Tiernan, Cuddy & Co., from his responsibility on the drafts accepted by them, and is therefore interested.

In the court below, the rights and interests of the most important parties to the suit, seem to have been entirely overlooked, that is of the trustees under the deed of trust to secure the debt to Tiernan, Cuddy & Co., and of Shelton and Perry the alleged mortgage creditors of Anderson. Perry has been entirely unnoticed since the citation for him was posted on the court house door, and not a word is said in the judgment about the rights of the intervenors. They are yet in the District Court, without any decision on their claims, and are not parties to this appeal. We are not satisfied with the judgment in the case as between the parties before us, and think it should be remanded, that those who are

as much, or more interested than the plaintiff and defendant Anderson, may be heard ; and that as between the latter it may be reconsidered.

It is, therefore ordered, that the judgment of the District Court be avoided, and that the case be remanded for a new trial ; the appellee paying the costs of the appeal.

*T. N. Pierce* and *Stacy,* for the appellant.

*Bemiss,* contra.